PETERS, J.,
dissenting.
hThe majority affirms the trial court grant of the defendant’s exception of no cause of action, but remands the matter to the trial court to allow the plaintiff the opportunity to amend its petition so as to state a cause of action with regard to the issue of service of process. I respectfully disagree with that portion of the opinion affirming the grant of the exception of no cause of action.
Louisiana Code of Civil Procedure Article 2004(A) provides that “[a] final judgment obtained by fraud or ill practices may be annulled.” This article “is not *231 limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure.” Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766.
Were we at a point in the legal proceedings where we were called upon to review the trial court’s decision on the merits of the nullity issue, our standard of review would not be “whether the trial court was right or wrong but whether the trial court’s conclusions were reasonable.” Id. at 766. However, we are not at that juncture. Instead, we are called upon to determine whether the trial court erred in 12concluding that the plaintiffs pleadings stated a cause of action, nothing more. I find that the pleadings, and specifically paragraph 6 of the plaintiffs petition, sufficiently satisfies the criteria laid out in the Belle Pass Terminal, Inc. decision. That paragraph states:
The judgment dated December 22, 2006, was obtained in violation of Code of Civil Procedure Article 2004(A) in that Lundy led the Court to believe it had been employed by Chromaceutical, when in fact it had been employed by WFG.
I would reverse the trial court grant of the exception of no cause of action and remand the matter to the trial court for application of La.Code Civ.P. art.2004 and the holding in the Belle Pass Terminal, Inc. decision to the facts presented at trial. This allegation may be a defense to the original judgment, but unlike the majority, I find that the allegation of misleading the trial court calls into play La.Code Civ.P. art. 2004. Whether this allegation is true is a question for the trier of fact at a trial on the merits.